BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
NICHOLAS G. PURCELL (Cal. Bar No. 313632)
Assistant United States Attorney
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3752
     Facsimile: (213) 894-0141
     E-mail:    nicholas.purcell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-CR-00711-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM AND POSITION WITH RESPECT TO SENTENCING FACTORS REGARDING DEFENDANT RAJ MATHARU |
| v. | |
| RAJ MATHARU, | |
| Defendant. | Hearing Date: 10/20/2025<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. Dale S. Fischer |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Nicholas G. Purcell, hereby files its sentencing memorandum and position with respect to sentencing factors for Defendant Raj Matharu.

///

///

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 22, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
NICHOLAS G. PURCELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On November 6, 2024, defendant Rah Matharu attempted to smuggle at least just over a kilogram of methamphetamine through Los Angeles International Airport ("LAX") and through to Sydney, Australia. Despite the quantity of drugs, however, defendant committed the act with no known criminal history and as a minor participant in the overall drug trafficking scheme. Accordingly, a low-end sentence is appropriate in this matter.

On September 3, 2025, the United States Probation Office ("USPO") filed its Presentence Investigation Report ("PSR," Dkt. 29), in which it calculated defendant's total offense level to be 22 and the criminal history category to be I, resulting in an advisory guidelines range of 41 to 51 months, with the application of 18 U.S.C. § 3553 ("safety-valve"). The government agrees with USPO's calculations. On September 3, 2025, USPO also filed its Recommendation Letter (Dkt. 28), recommending a low-end term of custody of forty-one months and a three-year term of supervised release. The government agrees that a low-end custodial term is appropriate here, and, based on the mitigating circumstances, respectfully requests that defendant be sentenced to a term of imprisonment of forty-one months, to be followed by three years of supervised release, and a one-hundred-dollar special assessment to be paid immediately.

**II.   STATEMENT OF FACTS**

**A.   Defendant's Admitted Conduct**

Defendant admitted to the following facts at his change of plea hearing and in the plea agreement. (Dkts. 23 ("Plea Agreement"), 25.)

On or about November 6, 2024, defendant attempted to travel from Los Angeles International Airport ("LAX") to Sydney, Australia, with two suitcases filled with clothing that been coated with at least 1,087 grams of methamphetamine. After arriving at LAX, defendant added bag tags to the two suitcases and paid a baggage fee using his credit card for the two pieces of luggage. Defendant then tried to check his bags, but was told they were overweight. Defendant then opened both his bags and transferred contents from one to the other, all of which was captured on LAX surveillance footage. Defendant then successfully checked his bags containing the methamphetamine-coated clothing.

Routine X-ray screening revealed anomalies in defendant's suitcases, and they were flagged for secondary review. Officers inspected one suitcase and felt stiff clothing. A K9 unit was called, which alerted to the suitcase. Officers then intercepted defendant after he crossed the jet bridge to board his flight to Australia. He was brought to the screening area, where he confirmed the two bags were his and that he packed them himself. Officers opened the bags in front of defendant, where they found stiffly dried white clothing caked in a powdery substance, as well as loose white residue on the lining and throughout both cases, all of which tested field positive for suspected methamphetamine. Further extraction of the substance from 6 of a total of 17 items in the suitcases and additional laboratory testing revealed that those items contained methamphetamine with a net weight of approximately 1,099 grams of methamphetamine with a purity of approximately 98.9%, meaning that the suitcases contained at least 1,087 grams of actual methamphetamine.

At the time he possessed the suitcase, defendant knew he was transporting methamphetamine or some other federally controlled substance and he intended to distribute the contents of the suitcases, including the federally controlled substance, in Australia.

**III. PROBATION'S OFFENSE LEVEL CALCULATIONS AND RECOMMENDATION**

The USPO calculated defendant's USSG Total Guidelines Offense Level to be 22. The government agrees with this calculation. (PSR at 3.) The government submits that the proper applicable offense level calculation is as follows, which mirrors the calculations in the PSR:

| | | |
|---|---|---|
| Base Offense Level | 31[1] | U.S.S.G. § 2B1.1(a)(2) |
| Safety-Valve Eligibility | -2 | U.S.S.G. § 2D1.1(b)(18) |
| Minor Role | -2 | U.S.S.G. § 3B1.2(b) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a) |
| Zero Point Offender | -2 | U.S.S.G. § 4C1.1 |
| Total Offense Level | 22 | |

The USPO determined that the defendant has zero criminal history points, which puts him in criminal history category I. (Id. ¶ 44.) Taken together, the USPO found that the Guideline range for defendant's term of imprisonment was 41 months to 51 months. (Id. ¶ 89.) The government agrees with these calculations.

---

[1] The drug quantity defendant was carrying places defendant's offense level at 34 under USSG § 2D1.1(c)(3). However, given that the plea agreement contains an adjustment under USSG § 3B1.2 for defendant's minor role, defendant's base offense level is set at 31. USSG § 2D1.1(a)(5).

3

**IV.  GOVERNMENT'S RECOMMENDATION**

The Court must impose a sentence that is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).  The Court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In addition, the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the rule of law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from future crimes of the defendant, among other considerations.  18 U.S.C. § 3553(a)(2).

The government recommends that the defendant be sentenced to (1) a low-end term of 41 months' imprisonment; (2) a three-year period of supervised release; and (3) the mandatory $100 special assessment.  Such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

       1.   <u>Nature and Circumstances of the Offense</u>

The Court must consider the nature, circumstances, and seriousness of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A).  Here, the government's proposed sentence reflects the seriousness of defendant's crimes.

A low-end, within-Guidelines period of incarceration accounts for the defendant's conduct in this case.  Defendant knowingly attempted to smuggle more than a kilogram of methamphetamine from LAX to Australia for the purpose of distribution.  However, defendant was compliant with law enforcement upon arrest and quickly accepted responsibility for his conduct.

The government agrees with the USPO's recommendation for adjustments, including a two-level downward adjustment for defendant's minor role as a drug courier (which the government agreed to in the plea agreement), as well as various other adjustments for acceptance of responsibility, defendant's lack of criminal history, and his eligibility for the safety-valve.

Under U.S.S.G. § 3B1.2, a minimal or minor role downward adjustment is available when the defendant was a minimal or minor participant in the offense conduct. Defendant must prove his status as a minimal or minor participant by a preponderance of the evidence. United States v. Cordova Barajas, 360 F.3d 1037, 1042 (9th Cir. 2004). Moreover, "[a] downward adjustment based on minimal or minor role in the offense pursuant to section 3B1.2 is applicable only in exceptional circumstances." Id. Finally, "even if a defendant establishes that he was among the least culpable of the group, a downward adjustment under § 3B1.2(a) is appropriate only if the defendant was at least 'substantially' less culpable than his co-participants." United States v. Johnson, 297 F.3d 845, 874 (9th Cir. 2002). The government and defendant agreed in the plea agreement that defendant was a minor participant in the criminal scheme. Plea Agreement at ¶ 14.

Here, based on the relevant evidence and the factual basis that defendant agreed to in the plea agreement, the PSR properly characterized defendant's role as minor. PSR at ¶ 31.

### 2. History and Characteristics of Defendant

Defendant's history and characteristics also warrant a low-end Guidelines sentence. Defendant is a Criminal History Category I.

3.  <u>Need for Deterrence and to Promote Respect for the Law</u>

Given defendant's history, the recommended sentence is necessary not only to deter defendant, but also to adequately deter others. See 18 U.S.C. § 3553(a)(2)(B) (the sentence imposed is required "to afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence).  The recommended term of imprisonment is warranted here to adequately deter defendant from further criminal conduct.  Further, a low-end Guidelines sentence will help further the statutory goal of minimizing sentencing disparities among similarly situated defendants who engage in similar criminal activity.  Id. § 3553(a)(6); see <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010); <u>Gall v. United States</u>, 552 U.S. 38, 54 (2007).  Here, under the Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant can expect a sentence between 41-51 months' imprisonment.  See U.S.S.G. § 5A.  As such, the government's recommended sentence, within that range, avoids an unwarranted disparity with similarly situated defendants.

The government agrees with the Probation Office that defendant is unable to pay a fine and not likely to become able to do so.  The government therefore recommends that all fines be waived.

**V.   CONCLUSION**

For the foregoing reasons, government respectfully recommends a low-end 41-month sentence, a three-year period of supervised release, and a special assessment of $100.

6