ALEX R. KESSEL (State Bar No. 110715)
**LAW OFFICES OF ALEX R. KESSEL**
15910 Ventura Blvd., Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

Attorney for Defendant
**RAJ MATHARU,**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ MATHARU,<br><br>Defendant, | Case Numbers.: 2:24-cr-00711-DSF<br><br>**DEFENDANT'S SENTENCING MEMORANDUM; SUPPORTING EXHIBITS**<br><br>DATE: October 20, 2025<br>TIME: 10:00 a.m.<br>COURT: Courtroom of the Honorable Dale S. Fischer, United States District Judge |

**TO THE HONORABLE DALE S. FISCHER, JUDGE OF THE UNITED STATES DISTRICT COURT:**

Defendant RAJ MATHARU, by and through his attorney of record, Alex R. Kessel, hereby submits his sentencing position for the Court's consideration. Defendant requests a sentence of one year and one day in jail and ten years of supervised release, which takes into consideration the plea agreement, relevant mitigating factors and the factors set forth in 18 U.S.C Section 3553(a).

## I.
## INTRODUCTION

On June 9, 2025, defendant pled guilty to a single count Indictment which alleges a violation of 21 U.S.C. § 841(a)(1): Possession of methamphetamine with the intent to distribute. Defendant pleaded guilty pursuant to a plea agreement.

1

The parties reserved the right to argue that additional specific offense characteristics, adjustments and departures are appropriate. The parties also reserve the right to argue for a variance outside the sentencing range based on factors set forth in 18 U.S.C. § 3553(a).

## II.
## SUGGESTED SENTENCING GUIDELINES COMPUTATION

A) <u>Offense Level</u>

1. Base Offense Level (U.S.S.G § 2D1.1)..................................31
2. Minor Role (U.S.S.G. § 3B1.1)......................................-2
3. Safety Valve (U.S.S.G. § 2D1.1(b)(18))..............................-2
4. Zero Point Reduction (U.S.S.G. § 4C1.1).............................-2
5. Acceptance of Responsibility........................................-3

Total Offense Level..................................................<u>22</u>

B) <u>Criminal History Category: Category I with zero criminal history points.</u>

Defendant submits a sentence within the applicable sentencing guidelines is just one of the many sentencing considerations and should not constitute the presumed sentence by the sentencing court. To reinforce this rule, the United States Supreme Court in *United States v. Nelson* 1295 S. Ct. 890 (2009) stated: …. and in *Gall v. United States (2007) 552 U.S. 38,* we reiterated that district court judges, in considering how the various statutory sentencing factors apply to an individual defendant "may not presume the guideline range is reasonable."

## III.
## § 3553(a) FACTORS

Pursuant to *Unites States v. Booker* and *United States v. Phan Phan (2005) 543 U.S. 220*, the guidelines calculations referenced in the Presentence Report and the Plea Agreement are only advisory. The Court should consider the seven factors set forth in 18 U.S.C. § 3553(a) when determining a sentence to be imposed that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

18 U.S.C. § 3553(a) advises that the Court shall consider the following when determining a particular sentence be imposed:

- The nature and circumstance of the offense, history and characteristics of the defendant;
- The need for the sentence imposed to:
  1. Reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense;
  2. To afford adequate deterrence to criminal conduct;
  3. To protect the public from further crimes of the defendant;
  4. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- The kinds of sentence available;
- The kinds of sentence in the sentencing range set forth in the guidelines;
- The policy statements set forth in the guidelines;
- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;
- The need to provide restitution to any victims of the offense.

## IV.
## APPLICATION OF SECTION 3553(a) FACTORS AND JUSTIFICATION FOR A SUBSTANTIAL VARIANCE

Defendant is respectfully requesting this honorable court to grant a significant variance based on the following significant mitigating factors, including some not considered in the presentence report:

1) Defendant accepted responsibility and agreed to plea guilty at an early stage of the proceedings. Defendant agreed to plead guilty right after the instant charges were filed.
2) The government never had to respond to any pretrial motions, nor ever had to prepare for trial.
3) The defendant has no prior criminal history.
4) The defendant was charged as a transporter of narcotics on one single occasion.
5) Defendant had no control of the quantity or purity of the drugs. In *United States v. Mendoza,* 121 F.3d 510 (9th Cir. 1997) the Ninth Circuit held the District Court has discretion to depart where the defendant had no knowledge of, or control over the amount or purity of the drugs.

6) Notwithstanding defendant not controlling or determining the amount of methamphetamine sprayed on the clothes, he is held responsible for the higher base offense level under the drug quantity table.

7) Defendant has never spent a day in jail.

8) Defendant's drug use lead him to people who offered him an opportunity to make money.

9) Defendant is educated and is currently on the Dean's List in college.

10) Defendant is smart enough to realize he made a terrible mistake and has truly learned a lesson.

11) Defendant submits a guidelines sentence is greater than necessary for the defendant. Although punishment is necessary, multiple years in prison will not deter this particular defendant.

12) Defendant will be deterred from further criminal conduct by his desire to further his education, the shame and embarrassment he has caused his family and his ability, through his intellect and desire, to never repeat his criminal conduct again.

13) Defendant has strong family support (see family letters attached as *Exhibit "A"*).

14) Defendant submits his lack of record, minor role, future education prospects, family support and apparent aberrant behavior warrant a shorter jail sentence and a longer term of supervised release.

## V.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests this Honorable Court to sentence defendant to one year and one day in jail and ten years of supervised release, which is sufficient, but not greater than necessary to comply with the factors set for the in 18 U.S.C. § 3553(a)(2).

DATED: September 29, 2025                    Respectfully submitted,

                                             s/ Alex R. Kessel

                                             ALEX R. KESSEL
                                             Attorney for Defendant,
                                             **RAJ MATHARU**